# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY L. EASTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-048-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Kimberly L. Eastman requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do his previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step One requires the claimant to establish that she is not engaged in substantial gainful activity. Step Two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born December 9, 1958, and was forty-nine years old at the time of the administrative hearing (Tr. 32, 122). She completed her GED (Tr. 71-72), and has worked as a manager, sewer, typist, and sales clerk (Tr. 150, 165, 191). The claimant alleges that she has been unable to work since August 1, 2005 due to a nervous breakdown, post traumatic stress syndrome, panic attacks, anxiety, depression, and broken left arm (Tr. 164).

## Procedural History

On February 15, 2006, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 122-24, 136-39). Her applications were denied. ALJ Edward L. Thompson conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated September 2, 2008 (Tr. 13-20). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform work at all exertional levels, but could use her left upper arm for reaching, pushing, and pulling only on

occasion; understand, remember, and carry out only simply instructions; and make only simple work-related decisions (Tr. 18). The ALJ concluded that the claimant was not disabled because she could return to her past relevant work as a store clerk (Tr. 20).

## Review

The claimant contends that the ALJ erred: (i) by finding that her former job as a store clerk was past relevant work; (ii) by finding that she had the RFC to work as a store clerk; and, (iii) by eliciting testimony from a vocational expert (VE) that conflicted with the Dictionary of Occupational Titles ("DOT"). The Court finds that the ALJ failed to conduct a proper step four analysis, and the decision of the Commissioner must therefore be reversed and the case remanded for further proceedings.

Step four of the sequential analysis is comprised of three distinct phases. The ALJ must first establish the claimant's RFC, then determine the demands of the claimant's past work (both physical and mental), and ultimately conclude whether the claimant's RFC enables her to meet those demands. *See, e. g., Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) [citations omitted]. At each phase, the ALJ must make specific factual findings, *id.*, and although the ALJ may rely on information provided by a VE, "the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform h[er] past relevant work," *id.* at 1025. *See Henrie v. U.S. Department of Health and Human Services*, 13 F.3d 359, 361 (10th Cir. 1993) ("We recognize the tension created when the mandate of [Soc. Sec. Rul. 82-62] is transposed on claimant's step four burden of proof. In this regard, we emphasize that it is not the ALJ's duty to be the claimant's advocate. Rather, the duty is one of inquiry and

factual development.") [citation omitted], *citing* Soc. Sec. Rul. 82-62 (1983). There is no dispute here about the first phase of the ALJ's step four analysis, *i. e.*, the claimant does not contend that the ALJ failed to properly determine her RFC. Rather, the claimant contends that the ALJ failed to properly determine the physical and mental demands of her past relevant work.

The Tenth Circuit has "long recognized the Commissioner's 'basic obligation' to fully investigate the physical and mental demands of a claimant's past work and compare them to current capabilities." *Hayden v. Barnhart*, 374 F.3d 986, 991 (10th Cir. 2004) [citation omitted]. In *Westbrook v. Massanari*, the Tenth Circuit stated that *Winfrey* "is not designed to needlessly constrain ALJs by setting up numerous procedural hurdles that block the ultimate goal of determining disability. Rather, its concern is with the development of a record which forms the basis of a decision capable of review." 26 Fed. Appx. 897, 903 (10th Cir. 2002) [unpublished opinion]. *Westbrook* indicated that remand is appropriate only when the record is "devoid of even any mention of the demands of past relevant work[.]" *Id*.

In this case, the ALJ did not question the claimant at the administrative hearing as to her former employment as a store clerk. The ALJ asked the VE to list the claimant's past work, and the VE's response included the claimant's past employment as a store clerk, which was described as "light, unskilled work" (Tr. 78). Thus, the ALJ was wholly without evidence as to the physical and mental demands of the claimant's past relevant work, either as she actually performed it or as it is customarily performed in the national economy. The ALJ asked the VE to identify any past jobs—as actually performed or in

the regional or national economy—that the claimant could perform with the following limitations: occasional usage of the non-dominant upper extremity; the ability to understand, remember, and carry out simple instructions; the ability to make simple, work-related judgments; respond appropriately to supervisors, co-workers, and usual work situations; and the ability to deal with changes in a routine work situation (Tr. 79-80). The VE stated that the store clerk job was "maybe appropriate" (Tr. 81).

In opining that the claimant could perhaps perform her past relevant as a store clerk, the VE obviously made *implicit* findings about the physical and mental demands of the claimant's past relevant work and her ability to meet them given her RFC. The ALJ, however, made no such findings of his own, simply concluding that, "[G]iven the residual functional capacity herein the claimant could perform her past relevant work as a store clerk" (Tr. 20). While this might have been an appropriate step five analysis, it is wholly inadequate to satisfy the burden imposed by the Commissioner's regulations at step four. *See, e. g., Winfrey,* 92 F.3d at 1025 ("At step five of the sequential analysis, an ALJ may relate the claimant's impairments to a VE and then ask the VE whether, in his opinion, there are any jobs in the national economy that the claimant can perform. This approach, which requires the VE to make his own evaluation of the mental and physical demands of various jobs and of the claimant's ability to meet those demands despite the enumerated limitations, is acceptable at step five because the scope of potential jobs is so broad. At step four, however, the scope of jobs is limited to those that qualify as the claimant's past relevant work. Therefore, it is feasible at this step for the ALJ to make specific findings about the mental and physical demands of the jobs at issue and to

evaluate the claimant's ability to meet those demands. Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When, as here, the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review."). *See also Frantz v. Astrue*, 509 F.3d 1299, 1304 (10th Cir. 2007) ("The ALJ's conclusory statement that '[t]he exertional and non-exertional requirements of this job [as a general clerk] are consistent with the claimant's residual functional capacity' is insufficient under *Winfrey* to discharge his duty to make findings regarding the mental demands of Ms. Frantz's past relevant work. This case is unlike *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003), where the ALJ quoted the VE's testimony approvingly in support of his own findings at steps two and three of the analysis. Here, there was no VE testimony, and no evidence of any kind, to establish the mental demands of Ms. Frantz's past relevant work and thus no evidence to support a finding that Ms. Frantz retains the mental RFC to work as a general clerk.").

Because the ALJ failed to conduct a proper step four analysis of the claimant's ability to perform her past relevant work, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further proceedings. On remand, the ALJ should make phase two findings as to the claimant's past relevant work and determine whether she can perform that work (or any other work) based on her RFC, and ultimately whether she is disabled.

**Conclusion**

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 29th day of March, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma